# BALTIMORE CITY COURT

Filed January 29, 1889.

## WILLIAM HOPPS
## VS.
## FRED. WADDY.

STEWART, J.—

This case has been tried before the Court without a jury. An attachment was issued against the defendant, who is a non-resident, and laid in the hands of John T. Mason, R, as garnishee on the 28th of November, 1887. The garnishee pleads that he has no property or credits of defendant in his hands, and the plaintiff replies that he has credits to the value of $500. A third party, Orris A. Brown, intervenes and claims the credit in dispute as his property by virtue of an assignment made by the defendant to him prior to the laying of the attachment. The whole controversy arises from the fact that the garnishee, who is a member of the bar, acting in conjunction with the counsel of the plaintiff, agreed upon a settlement of disputes between the parties to this suit on the 25th of November, 1887, which was partially carried into effect on the succeeding day, and was finally effected on the 28th of November, 1887, at which time a check for $500, drawn by the plaintiff's counsel, in favor of the garnishee and payable to his order, was handed to him, and on the same day within a short time thereafter the sheriff stepped into his office and laid in his hands the attachment in this case. The garnishee, incensed at what he regarded as bad faith on the part of the plaintiff and his counsel returned the check; but in a few days thereafter he received it back, and has since retained it in his possession, declining to have it cashed, but having first had it certified as good by the bank upon which it was drawn.

The garnishee contends that the check received by him, being neither money nor credits, is not attachable, and that the Court cannot compel to convert it into money. In this view of the case he is certainly mistaken; the check is certainly a credit, and money in bank is appropriated for the purpose of paying it when presented, and can be used by the bank for no other purpose. The holding of the check, in order to present for payment at the option of the garnishee, is a risk, which he may run if he chooses to do so; but so far as regards his client, it is an appropriation of $500 of the funds of the bank to the payment of this particular check, and no other, and the Court holds that for all practical purposes it is equivalent to money in the hands of the garnshee. The Court finds that the garnishee, as counsel in the proceedings in the Circuit Court, had fairly earned a fee of $150 for his professional services in that case, and that he is entitled to be paid therefor out of the funds in his hands, which was obtained by and through his exertions. An allowance should be made for services of the counsel in the present attachment suit. Although the action of the garnishee has been inimical to the plaintiff, and he has contested the proceedings as much for the benefit of the claimant as for his own protection, the peculiar position in which the garnishee has been placed by conflicting claimants will justify the allowance in this case of a fee of fifty dollars.

The claim of Orris A. Brown is based upon the fact that the defendant was indebted to him, and the understanding between them was that he was to be paid out of the money recovered by Mr. Mason. As counsel for the defendant in the injunction proceedings, Mr. Mason had never seen his client; he had been employed by Brown, acting as agent of the defendant, who was recognized by all parties as having full authority for the purpose. It is in evidence that Mr. Mason told Mr. Brown that he would send him the $500 on its receipt from Mr. Gill, the attorney of the plaintiff, after deducting his fee therefrom; but this promise was made to Mr. Brown, not in his own right but as the agent of the defendant. The first payment that was made by the plaintiff to settle the dispute between him and the defendant, was at Onancock Wharf, Virginia, Saturday, 26th November, 1887. This money was by Brown handed to the defendant, who on asking to be paid the money due him was told by him that he could pay himself the money

which was due him by taking the remaining $500 to be paid by Mr. Gill to Mr. Mason, for which he had not time then to write an order, but which he promised to write and send him on the following Monday. This order was given as promised on 28th November, 1887, but was not presented to Mr. Mason, nor was he told of it until after the attachment had been laid in his hands; but immediately thereafter, and before the second attachment had been laid, he was told that such an order had been given. The order was not in Court at the time of the trial, but the claimant was requested to send it by mail. It has since been received, and while not drawn in such manner, as an experienced man of business would have worded it, the Court regards it as an equitable assignment of the whole fund in Mr. Mason's hands belonging to the defendant at the time it was given, and from that time it bound the fund in his hands. According to oral evidence the attachment in this case was laid on Monday, 28th November, 1887, at 1.25 P. M., and it was incumbent on the claimant, as he received the order from the defendant on the same day to show that it was obtained at an earlier hour if he wished to defeat the attachment. This he failed to do, and the Court will therefore find its verdict in favor of the plaintiff against garnishee for $158.27 and $—— costs. The second attachment having been issued on the 30th November, 1887, at the instance of Frank Kellum, and laid in the hands of the garnishee at the hour of 3.45 P. M. on the same day, came too late, as it was after the order had been given by the defendant to the claimant directing the payment of the entire fund to him. It follows from what has been said that the garnishee is entitled to retain the sum of $200 for professional services out of the credits in his hands, but that the attachment of Wm. Hopps must be paid by him, and the remainder paid to Orris A. Brown, the claimant, and that a verdict will be rendered in favor of the garnishee on the attachment of Frank Kellum. In passing on the prayers, the Court grants the second and third of the plaintiff, and refuses his first prayer; and grants the third of the garnishee and claimant, but refuses their first and second. The Court would remark that on the return of

the sheriff to the attachment which says that it was laid on the 29th of November, 1887, he would have found for the claimant, but in the argument of counsel and the oral evidence, it was on the 28th of November and not on the 29th that the same was laid, and he has regarded the sheriff's return as to the date to be a mistake.